UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD N. STRILEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　Defendant. | Case No. 5:15-cv-05741-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO ESTABLISH THE FBI AS A REAL PARTY IN INTEREST AND DENYING MOTION FOR CASE MANAGEMENT CONFERENCE**<br><br>**(Re: Docket No. 7, 13, 25)** |

　　Plaintiff Richard N. Striley sued the United States Federal Bureau of Investigation for nuisance, but did not quite mean to.[1] He now asks the court to order the FBI to investigate and identify the actual, but unknown, defendant causing the nuisance, and also seeks a case management conference.[2] The United States moves to dismiss.[3] The United States' motion to dismiss is GRANTED without leave to amend, Striley's request to establish the FBI as a real party in interest is DENIED and Striley's request for a case management conference is DENIED as moot.

**I.**

　　Striley initially sued the FBI and an unknown defendant in Monterey County Superior

---

[1] *See* Docket No. 1

[2] *See* Docket Nos. 13, 25.

[3] *See* Docket No. 7.

1

Case No. 5:15-cv-05741-PSG
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO ESTABLISH THE FBI AS A REAL PARTY IN INTEREST AND DENYING MOTION FOR CASE MANAGEMENT CONFERENCE

1 Court, alleging claims of nuisance caused by the unknown defendant.[4] The nuisance allegedly
2 occurred at several public locations and consisted of high-range rays affecting minds, cars and
3 buses.[5] The FBI removed this case to federal court and the United States was automatically
4 substituted as a defendant, because it appeared that Striley was suing the FBI for tort claims.[6]

5 When the United States moved to dismiss,[7] however, Striley clarified that he did not intend
6 to sue the FBI for his tort claims.[8] What he actually wanted was for the FBI to investigate on his
7 behalf and identify the unknown defendant causing the nuisance.[9] He now seeks to establish the
8 FBI as a real party in interest to this case and asks the court to authorize the FBI to investigate his
9 allegations.[10] Striley specifically seeks to compel the FBI to act under 28 U.S.C. § 1361, the
10 Mandamus Act.[11]

11 The court heard argument on the United States' motion to dismiss on February 9, 2016.[12]
12 Striley did not attend due to confusion about the date of the hearing.[13] He asks for a new hearing
13 date for a case management conference.[14]

---

[4] *See* Docket No. 1-1 at 4-9.

[5] *See id.* at 5-6.

[6] *See* Docket No. 1 at ¶ 3.

[7] *See* Docket No. 7.

[8] *See* Docket No. 13 at 1.

[9] *See id.*

[10] *See id.* at 10, 12-13.

[11] *See id.* at 10.

[12] *See* Docket No. 24.

[13] *See* Docket No. 25 at 1.

[14] *See id.*

## II.

This court has jurisdiction under 28 U.S.C. § 1331. The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[15]

Section 1361 gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[16] In order to request a writ of mandamus under this statute, the plaintiff must first establish that the court possesses federal subject matter jurisdiction over the specific mandamus action.[17] Because mandamus writs are extraordinary remedies, a writ of mandamus is available to compel a federal official to perform a duty only when "'(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.'"[18]

## III.

Applying the above standards, it is clear that the court lacks subject matter jurisdiction over Striley's request for mandamus. In order to receive a writ of mandamus compelling the FBI to investigate on Striley's behalf, the FBI must have a nondiscretionary, ministerial duty to investigate. However, the FBI's decisions whether to investigate criminal complaints are discretionary and not ministerial.[19] As a result, the court cannot authorize or compel the FBI to

---

[15] *See* Docket Nos. 8, 12.

[16] 28 U.S.C.A. § 1361.

[17] *See Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983).

[18] *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)).

[19] *See, e.g.*, *Zeiny v. Johnson*, Case No. 5:13-CV-03585-EJD, 2014 U.S. Dist. LEXIS 23884 (N.D. Cal. Feb. 24, 2014); *Brown v. Mueller*, Case No. 2:12-CV-02321 KJM, 2013 WL 3199075, at *3-4 (E.D. Cal. June 21, 2013); *Morrison v. U.S. Dep't of Justice*, Case No. 5:13-CV-00654 JSW, 2013 WL 1964930, at *2 (N.D. Cal. May 10, 2013); *Terrell v. Attorney Gen. State of Cal.*, Case

3
Case No. 5:15-cv-05741-PSG
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO ESTABLISH THE FBI AS A REAL PARTY IN INTEREST AND DENYING MOTION FOR CASE MANAGEMENT CONFERENCE

investigate Striley's claims, and Striley's request is DENIED.

As for the United States' motion to dismiss, Striley himself states that he did not intend to sue the FBI for the ray-emitting nuisances and sued the FBI only "to acquire necessary means to an end and to give to a privation of information."[20]  That is, Striley sued the FBI only to compel them to investigate.  As discussed above, the court cannot compel the FBI to investigate this case, and so the United States' motion to dismiss is GRANTED.

Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment,[21] and leave to amend should be "freely given."[22]  Striley has not previously received leave to amend, and so normally leave to amend would be granted, especially in light of his pro se status.  However, the Ninth Circuit is clear that the FBI's decisions on what to investigate are discretionary, and so amendment cannot save Striley's complaint.  Leave to amend is DENIED.

Because the case is dismissed, Striley's request for a case management conference is DENIED as moot.

**SO ORDERED.**

Dated: February 18, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

No. 5:98-CV-00219 VRW, 1998 WL 574387, at *3 (N.D. Cal. Aug. 31, 1998), *aff'd* 188 F.3d 515 (9th Cir. 1999).

[20] Docket No. 13 at 1.

[21] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[22] Fed. R. CIv. P. 15(a)(2).

4
Case No. 5:15-cv-05741-PSG
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO ESTABLISH THE FBI AS A REAL PARTY IN INTEREST AND DENYING MOTION FOR CASE MANAGEMENT CONFERENCE